Terry Sheridan, Plaintiff in Pro Se
3104 Lincoya Bay Drive
Nashville, TN 37214
Email: tgsheridan@gmail.com

**FILED**
2015 JUL 20 PM 4: 45
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISRTICT OF TENNESSEE

| | |
|---|---|
| Terry Sheridan, a man,<br><br>*Plaintiff(s)*<br><br>vs.<br><br>Southwest Credit Systems, L.P.;<br><br>*Defendant(s)* | CASE NO:<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br><br>**JURY TRIAL DEMANDED** |

**COMES NOW,** the Plaintiff Terry Sheridan complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C§1681b et al against the defendant(s) and each of them.

**I.**          **THE PARTIES**

2. Plaintiff(s) Terry Sheridan is now and at all times relevant to this action a natural person. Plaintiff(s) is a consumer as that term is defined within 15 USC§1681.

3. Defendant, Southwest Credit Systems, L.P., is a corporation formed under the laws of the State of Texas. It has a principle place of business located at 2222 High Point Drive, Carrollton, TX 75007. Defendant Southwest Credit Systems, L.P. are debt collectors as that term is defined by 15 USC§1681 seq.

## II. JURISDICTION AND VENUE

4. The US District Court has jurisdiction pursuant to 15 USC§1681p *et* al, and 28 USC§1331, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state. Therefore venue is proper in this court. All conditions precedent to the bringing of this action has been performed. The violation's which gives rise to this action occurred in Davidson County and state of Tennessee, and Plaintiff resides in Davidson County and state of Tennessee.

## III. FACTUAL ALLEGATIONS

5. Plaintiff on or about March 21, 2014 obtained his three consumer credit reports from the three (3) major credit reporting bureaus Equifax, Transunion and Experian. Plaintiff at this time noticed and found an inquiry by defendant Southwest Credit Systems, L.P. to obtain Plaintiff's consumer credit report on May 30, 2012 and August 1, 2012.

6. Accordingly the discovery of the violations stated herein occurred on March 21, 2014, and are within the statute of limitations as defined in the FCRA, 15 USC§1681p.

## IV. FIRST CAUSE OF ACTION
### VIOLATION OF 15 USC§1681i FAIR CREDIT REPORTING ACT
### (DEFENDANT)

7. Paragraphs 1-6 are re-alleged as though fully set out herein.

8. Plaintiffs is a consumer within the meaning of the FCRA, 15 USC§1681a(c).

9. Defendants Southwest Credit Systems, L.P. are "credit furnishers" within the meaning of the 15 USC§1681a(c). Transunion, Equifax, and Experian (chose ones that apply) are "credit providers" within the meaning of 15 USC§1681(a)(f).

10. Plaintiff's consumer credit report is a consumer report within the meaning of the FCRA, 15 USC§1681(a)(d).

11. The FCRA, 15 USC§1681(b) defines the permissible purpose for which a person may obtain a consumer credit report.

12. Such permissible purposes as defined by 15 USC§1681(b) are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is proffered a bona fide offer of credit as a result of the inquiry.

13. Plaintiff has never had any business dealings with the defendant, nor has Plaintiff applied for any credit or services, or employment as defined in 15 USC§1681(b), neither has Plaintiff executed any contracts resulting in an account in favor of the defendant.

14. On May 30, 2012 and August 1, 2012, defendant obtained Plaintiffs consumer credit report with no "permissible purpose" and appears to be a violation of 15 USC §1681(b).

15. Plaintiffs notified Defendant, Southwest Credit Systems, L.P., of its dispute by mail, and defendant also received notice from Experian.

16. Plaintiff notified defendant of its violations in an attempt to mitigate his damages and obtain settlement prior to bringing this action. Plaintiff received a reply from defendant(s) after servicing notice upon them but the reply was not adequate. Plaintiff sent a second notice and response as a condition precedent to defendant on March 11, 2015, and no response has been received.

17. At no time did Plaintiff give the defendant permission to obtain his/her consumer credit report from any credit reporting agency. The actions of the defendant in obtaining Plaintiff's consumer credit report with no permissible purpose or Plaintiffs consent was a willful violation of 15 USC§1681(b), and an

egregious violation of Plaintiff's right to privacy. Defendant's violation may also be a criminal violation pursuant to 15 USC§1681q.

18. Defendant had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report. Defendant however breached said duty by failing to do so. There was no account that Defendant had a right to collect, resulting in defendant obtaining Plaintiff's consumer credit report. Therefore Plaintiff may be entitled to damages by operation of law.

19. Defendant also had a duty to adhere to 15 USC§1681d (a) in its entirety which stipulates certain disclosures to the consumer, after the consumer's credit report has been procured.

20. Defendant failed to do so therefore it appears that Defendant has also violated 15 USC§1681d (a).

**WHEREFORE**, Plaintiff demands judgment for damages against the defendant Southwest Credit Systems, L.P. for statutory damages of $4,000.00, plus costs, punitive damages and attorney's fees pursuant to 15 USC§1681n.

Dated: July 20, 2015

BY: _____
Terry Sheridan, *Plaintiff*